CARLTON, DISANTE & FREUDENBERGER LLP
Jeremy T. Naftel (Cal. Bar No. 185215)
8950 Cal Center Drive, Suite 160
Sacramento, CA 95826
Telephone : (916) 361-0991
Facsimile : (916) 361-1480

MARTENSON, HASBROUCK & SIMON LLP
Patricia E. Simon, Esq. (Georgia Bar No. 618233)
Ted M. Scartz, Esq. (Georgia Bar No. 628452)
Suzanne E. Deddish, Esq. (Georgia Bar No. 215645)
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (fax)

**Attorneys for Defendant**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD COLE,<br><br>           Plaintiff,<br><br>vs.<br><br>JOHNSON INDUSTRIES, INC. dba HUNT AUTOMOTIVE GROUP, and DOES 1-20<br><br>           Defendants. | Case No. 3:05-cv-04713-JSW<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER** |

   **WHEREAS**, discovery in this action involves or will involve the disclosure of confidential, private, financial, personal, proprietary and/or business information of Johnson Industries, Inc. (hereinafter "Johnson Industries" or "Defendant"), and of Defendant's employees; and

   **WHEREAS**, discovery in this action may involve the disclosure of medical records and financial information of Plaintiff;

**WHEREAS**, the parties agree that the only documents to be marked "Confidential" in this case will be those documents produced by Defendant that involve the disclosure of confidential, private, financial, personal, proprietary and/or business information of Defendant or Defendant's employees and those documents produced by Plaintiff that involve the disclosure of medical or financial information of Plaintiff; and

**WHEREAS**, it is stipulated and agreed between the parties to this action through their respective counsel, that a Joint Stipulation and Protective Order should be entered in the above-captioned case;

**IT IS HEREBY ORDERED** that:

1. Plaintiff, Plaintiff's counsel and Defendant's counsel agree that all documents produced during the course of this litigation, and marked "Confidential" as described above, shall not be shown, discussed or otherwise divulged to anyone unless and until the notice and confidentiality requirements specified in the following paragraphs have been fulfilled.

2. The information described in Paragraph 1, in addition to any other similar documents which may be produced in response to discovery requests, shall be subject to the following restrictions:

    A. The protected documents shall not be used for any purpose other than this litigation and under no circumstances shall the protected documents be used for any personal, business, competitive or other purposes whatsoever.

    B. None of the protected documents shall be given, shown, made available or communicated in any way to anyone other than counsel of record for the Plaintiff and Defendant in this litigation, paralegals and/or clerical staff, trial witnesses (expert and fact), the Court and jury in the course of judicial proceedings in this case, and to any other person if necessary and essential to aid in the preparation of this case.

C.   It is the responsibility of counsel in this litigation to maintain all of the protected documents in a secure and appropriate manner so as to allow access to any of the protected documents only to persons permitted by this Protective Order.

D.   To the extent that any of the protected documents or portions thereof are contained in or attached to any materials required to be filed with the Court, such materials shall be filed under seal. in accordance with Civ. L.R. 79-5.

E.   Each person to whom any protected documents are given, shown, made available or communicated, with the exception of Defendant's management, shall agree in writing to be bound by the terms of this Stipulation and Order and shall execute the Confidentiality Agreement attached as Appendix "A". Counsel for the party giving, showing, making available or communicating the protected documents to another shall be required to maintain a file of each such written agreement, referred to as the Confidentiality Agreement file.

F.   In any proceeding initiated by Plaintiff or Defendant to gain relief from a violation of this Stipulation and Order, the Confidentiality Agreement file and its contents will be made available to the Court and the party initiating the proceeding. In any case, each Confidentiality Agreement will be delivered to opposing counsel when this litigation is concluded.

G.   Within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all documents produced by Defendant and any copies of documents in Plaintiff's possession, shall be returned to Defendant's counsel. The inadvertent or unintentional disclosure of any protected documents, including attorney-client privileged materials, shall not be construed to be a waiver, in whole or in part of a claim of confidentiality either as to the specific protected document disclosed or as

to any other related information.

H.  Designation of any protected documents to be subject to this Stipulation and Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of the Plaintiff or Defendant.

I.  The agreement of the parties stipulated in this Stipulation and Order does not constitute an admission or agreement that any protected document is subject to this discovery, or is admissible as evidence, in this case.

3.  This Stipulation and Order is without prejudice to the right of any party to seek modification to this Stipulation and Order from the Court with respect to any specific protected information or document.

4.  The parties agree that they have been bound by this Stipulation and Order from December 1, 2005, and continuing forward.

SO ORDERED, this __22nd__ day of __December__, 2005.

_____
JUDGE

Agreed to this _____ day of _____, 2005.

_____
MARTENSON, HASBROUCK & SIMON LLP
Patricia E. Simon, Esq. (Georgia Bar No. 618233)
Ted M. Scartz, Esq. (Georgia Bar No. 628452)
Suzanne E. Deddish, Esq. (Georgia Bar No. 215645)
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia  30326
(404) 909-8100
(404) 909-8120 (facsimile)

-and-

1 | CARLTON, DISANTE & FREUDENBERGER LLP
Jeremy T. Naftel (Cal. Bar No. 185215)
2 | 8950 Cal Center Drive, Suite 160
Sacramento, CA 95826
3 | (916) 361-0991
(916) 361-1480 (facsimile)
4

5 | **ATTORNEYS FOR DEFENDANT**

6

7 | -and-

8 | *[signature] 12-21-05*

9 | LAW OFFICES OF MICHAEL C. COHEN
Michael C. Cohen
10 | Marguerite M. Malloy
1814 Franklin Street, Suite 900
11 | Oakland, California 94612
510-832-6436
12 | 510-832-6439 (facsimile)

13 | **ATTORNEYS FOR PLAINTIFF**

14

15

16 | *[signature] 12/25/05*
Harold Cole

17

18 | **PLAINTIFF**

# APPENDIX "A"

## CONFIDENTIALITY AGREEMENT

_____ hereby acknowledges that he or she, whichever is appropriate, has read the Joint Stipulation and Protective Order entered into in *Harold Cole v. Johnson Industries, Inc. dba Hunt Automotive Group, and Does 1-20,* Case No. 3:05-cv-04713-JSW; that he or she acknowledges being bound by the terms of this Stipulation and Order and that he or she fully understands the terms of said Stipulation and Order.

BY:_____